## Case No. 16,674.

UNITED STATES v. WHITE.

[2 Cin. Law Bul. 27.]

District Court. S. D. Ohio. 1877.

INDICTMENT FOR STATUTORY OFFENSES — CHARGING IN WORDS OF STATUTE—OFFENCES UNDER ELECTION LAWS.

[1. Where the offense is purely statutory, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge it in the words of the statute.]

[2. In an indictment. under Rev. St. § 5511, for offenses against the elective franchise, it is sufficient to charge the offense in the words of the statute.]

[This was an indictment against James White upon the charge of violating section 5511 of the Revised Statutes.]

W. M. Bateman, Dist. Atty., Channing Richards, and R. Dyer, for plaintiff.

Col. O. J. Dodds, for defendant.

SWING, District Judge. The indictment in this case is under section 5511 of the laws of the United States, which, among other provisions, makes it an offense for any person, at an election for a representative to congress, to vote more than once for a candidate for the same office, or to vote at a place where he had no right to vote; and for any person to aid, counsel, procure, or advise a voter to do so. The indictment contains ten counts, in part of which it is alleged that the defendant "did then and there procure certain persons to vote more than once," and in others that "he did then and there counsel certain persons to vote more than once, and in places where they had no legal right to vote." In all the counts, the election at which, the time when, the place where, and the person who was procured and counseled, is described with particularity and certainty. The defendant demurs to each of the counts in the indictment, for the reason that it is not sufficient to allege that the defendant "did procure" or "did counsel"; but that the acts which constitute the procuring and counseling, must be set forth in the indictment. The question has been pressed with much

earnestness in the argument, and we have been referred to a recent decision of the supreme court of the United States (U. S. v. Cruikshank, 92 U. S. 542), in support of the demurrer. From the confidence of counsel, and the general language of the court in that case, I have made as careful an examination of it as my limited time would permit. The first and ninth counts stated the intent of the defendants to have been to hinder and prevent the citizens named, in the free exercise and enjoyment of their "lawful right and privilege to peaceably assemble together with each other and with other citizens of the United States, for a peaceful and lawful purpose." These counts do not set out the purpose of the meeting which the defendants intended to prevent, and therefore, the court could not tell whether it was one of the rights which was guaranteed by the United States. The right specified in the second and tenth counts was that of "bearing arms." This is a right not given by the constitution. The right specified in the third and eleventh counts was that of "life and liberty of person." This is a charge to falsely imprison for murder, and the power to punish for this rests in the state, not the United States. The fourth and twelfth counts charge substantially that the defendants conspired to prevent certain citizens of the United States, being within the state of Louisiana, from enjoying equal protection of the laws of the state and the United States. The duty of protection was originally assumed by the state, and it still remains there, and these counts do not aver that the wrong contemplated against these citizens was on account of their race or color, and is not, therefore, brought under the civil rights act of 1866. The sixth and fourteenth counts state the intent of the defendants to have been to hinder and prevent the citizens named, being of African descent and colored, of the exercise of their right to vote at any election to be held; etc. The right to vote is not derived from the constitution, but from the state.—but the prohibition against discrimination in its enjoyment is derived from the United States,—but these counts do not allege that the intent to prevent them from voting was on account of their race or color, and is, therefore, not within the constitution. The seventh and fifteenth counts charge the intent to have been to put the parties in fear of bodily harm, etc. because they had voted at an election held in the state of Louisiana, etc. These counts do not state that the elections were any thing but state elections, or that the conspiracy against them was on account of their race, and is not, therefore, within the constitution and the laws of the United States. "And as to all these counts, for the reasons given herein, the judge says they do not contain charges of a criminal nature, made indictable under the laws of the

United States, and that consequently they are not good and sufficient in law." The fifth and thirteenth counts charged the intent to hinder and prevent the parties in their free exercise and enjoyment of the rights, privileges, immunities and protection granted and secured them as citizens of the United States and Louisiana, for the reason that they were persons of African descent and race, and persons of color; and in the eighth and sixteenth, the intent charged is to hinder and prevent them in their free exercise and enjoyment of every, each, all and singular, their several rights and privileges granted and secured to them by the constitution and laws of the United States.

There is no particular right, privilege, or immunity specified in these counts, the exercise and enjoyment of which was to be hindered and prevented. "Rights," "privileges" and "immunities" are generic terms, and it is not sufficient to charge the offense in these generic terms; but you must state the species, to wit, what kind, character or class of rights they were to be deprived of. It is a crime to steal goods, but the indictment must describe the goods stolen. So it is a crime to deprive a man of his rights, but the indictment must describe the rights he was deprived of. So an indictment to cheat and defraud a man out of his property must set out the means to be used, because it is only where a particular mode pointed out by the statute is used that the cheating and defrauding becomes criminal. And so, where a statute makes it an offense to conspire to commit any crime punishable by imprisonment in the state prison, an indictment would not be good which charged a conspiracy to commit each, every, and all the crimes so made punishable. All the crimes are not so punishable, and therefore the particular crime must be clearly and definitely set forth; but not the means by which it was to be accomplished, unless the particular means is made a part of the offense. "So here the crime is made to consist in the unlawful combination with an intent to prevent the enjoyment of any right granted or secured by the constitution, etc. All rights are not so granted or secured. Whether one is so or not is a question of law, to be decided by the court, and not by the prosecutor." And so we might analyze all that is said by the learned judge in relation to the last four counts, and it would only the more clearly appear that the grounds upon which these counts were held bad were because they described any particular right, privilege, or immunity that the persons were intended to be hindered and prevented in the enjoyment of, and not that they did not set out specifically and definitely the means which were to be made use of to accomplish that purpose. Such being the case, all the general principles in regard to

criminal pleading laid down by the court must be considered by us as applied by it to the defects in the indictment for which the court held it bad. I think it is very clear, therefore, that this decision does not support the position of the defendant. The question is not new. The question has frequently been decided by the supreme and circuit courts of the United States.

Mr. Bishop, in his Criminal Procedure (volume 1, §§ 359, 360), says: "Where the offense is merely statutory, having no relation to the common law,—where, in other words, the statute specifically sets out what acts shall constitute the offense,—it is, as a general rule, sufficient to charge in the indictment with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter." Mr. Wharton, in his American Criminal Law (volume 1, p. 365), says: "It is a well settled general rule that in an indictment for an offense created by statute, it is sufficient to describe the offense in the words of the statute, and if, in any case, the defendant insists upon a greater particularity, it is for him to show that from the obvious intention of the legislature or the known principles of law, the case falls within same exception to the general rule. But few exceptions to this rule are recognized." Mr. Archibold, in volume 1 of his Criminal Practice, p. 285, would seem to hold the same general doctrine. The question has been directly passed upon by the supreme and circuit courts of the United States in the following cases: The first one before the supreme court of the United States is that of U. S. v. Gooding, 12 Wheat. [25 U. S.] 460. This was an indictment under the slave trade act. This act provided, among other things, that every person building, fitting out, etc., with intent to employ such ship, etc. The first count in the indictment alleged that the defendant did fit out, etc., and it was objected to for insufficiency. And upon a certificate of division of opinion, the case went to the supreme court. The court say: "The fourth instruction respects the sufficiency of the first count, and it is contended that there ought to have been a specification of the particulars of the fitting out, and that it is not sufficient to allege the act itself without them. The indictment in this respect follows the language of the statute and is as certain as that is. We can not see any good reason for holding the government to any greater certainty in the averments of the indictment." The second case is that of U. S. v. Mills, 7 Pet. [32 U. S.] 138. This was an indictment for violation of the post office laws, and the first and second counts charged "that the defendant did procure, advise, and assist Joseph I. Straughtan to secrete," etc. The defendant was convicted, and it was moved in arrest "that the indictment was uncertain, insufficient, informal, and defective," and upon this motion a certificate of division of opinion brought the case in the supreme court, and the

court held the indictment sufficient. "The general rule is, that in an indictment for misdemeanors created by statute, it is sufficient to charge the offense in the words of the statute." In the case of U. S. v. Staats, 8 How. [49 U. S.] 41, the defendant was indicted under the act of March 3, 1823 [3 Stat. 771], for frauds committed on the government of the United States. This indictment substantially charged the defendant with transmitting, causing and procuring to be transmitted to the commissioner of pensions a certain false writing as true, in support of a claim for pension. The defendant was found guilty, and a motion in arrest of judgment was made for the reason, among others, that the indictment did not charge the act to have been done with a felonious intent; and the judges being opposed in opinion, the case was certified to the supreme court; and the court held the indictment good for the reason that it followed the words of the statute creating the offense.

U. S. v. The Neuvea, 19 How. [60 U. S.] 92, was a proceeding for condemnation of the vessel for violation of the passenger laws of the United States. The information was demurred to for insufficiency in the description of the offense, and in the court below the demurrer was sustained and the bill dismissed—upon appeal to the supreme court, the decree was reversed. Justice Grier, delivering the opinion of the court, says: "An information for forfeiture of a vessel need not be more technical in its language or specific in its description of the offense than an indictment. As a general rule, an indictment for a statutory offense is sufficient, if it describe the offense in the very words of the statute." Among other cases arising in the circuit courts of the United States holding the doctrine, are the following: U. S. v. Lancaster [Case No. 15,556], was an indictment under the act of March 3, 1825 [4 Stat. 102], to punish offenses against the post office regulations, which, among other things, provided that if any person, employed in any of the departments of the post office establishment, shall secrete, embezzle, or destroy any letter, packet, bag, or mail of letters with which he or they shall be entrusted, or which shall have come to his or her possession, and which are intended to be conveyed by post, containing any bank note or bank bill, *, * * such person shall, on conviction for any such offense, be imprisoned not less than ten years nor more than twenty-one years. The second count in the indictment charged, that within the district aforesaid the said Charles Lancaster did then and there secrete and embezzle one letter, which came to his possession, and was intended to be conveyed by post, containing divers bank notes for the payment of money, he, the said Charles Lancaster, being at the time of said secreting and embezzling as aforesaid then employed in one of the departments of the post office establishment,

to wit, a postmaster at Canalton, in the county of Greene, in the state of Ohio. It was objected that this count was insufficient; but Justice McLean held it sufficient, deciding that the offense was a misdemeanor and not a felony, and that it was sufficient to charge the offense in the words of the statute.

U. S. v. La Coste [Case No. 15,548], was an indictment under the second and third sections of the act of April 20, 1818 [3 Stat. 450], against the slave trade. The indictment was for causing a certain vessel to sail from the port of New York for the purpose of procuring negroes, etc., from Africa, to be transported, and held, sold, and disposed of as slaves. A verdict of guilty was returned, and motions for a new trial and in arrest were made, and among other reasons, it was claimed that it was not stated in the indictment that the negroes and persons of color mentioned in the indictment were to be transported to any place in the United States, or the territories thereof, nor that they were free and not bound to service. In disposing of this and other objections, Justice Story says: It is a sufficient answer to all these objections that the indictment in these respects follows the language of the statute, and no more certainty is in general required in cases of this sort. U. S. v. Pond [Case No. 16,067], was an indictment under the 22d section of the act of March 3, 1825, for the government of the post office department. The indictment charged substantially that the defendant opened a certain letter directed to one Ebenezer H. Currier, which had been deposited in a post office of the United States, at Hollistan, Massachusetts, before it had been delivered to the said Currier, to whom it was directed, and did so open said letter with design to obstruct the correspondence and to pry into the business or society of another, namely, the said Currier. A motion was made to quash the indictment for insufficiency in its statements in a number of respects; but Justice Curtis overruled the motion, saying: "In examining it [the indictment], it must be remembered that this is an indictment for a misdemeanor created by statute; and that in general it is sufficient to describe such an offense in the words of the statute. It is sufficient, therefore, unless the words of the statute embrace cases which it was not the intention of the legislature to include within the law." U. S. v. Henry [Case No. 15,350], was an indictment under the 42d section of the internal revenue act of July 13, 1866 [14 Stat. 162], which provides that any person who shall execute any fraudulent bond required by law or regulation, or who shall fraudulently procure the same to be executed, or who shall connive at the execution thereof, by which the payment of any internal revenue tax shall be evaded, etc., on conviction thereof, shall be imprisoned, etc.

The first count in the indictment alleged that the defendant, at a time and place named, unlawfully, knowingly, and willfully did execute and fraudulently procure to be executed, and connive at the execution of a certain bond, etc.; which said bond so executed as aforesaid was then and there fraudulent, and by which said fraudulent bond the payment of a certain internal revenue tax, etc., was evaded, and attempted to be evaded then and there, with intent to defraud the United States. A verdict of guilty was returned, and a motion in arrest of judgment was urged on the ground that the indictment was defective in not setting forth in what particulars the bond was fraudulent, and how the payment of the internal revenue tax was evaded and attempted to be evaded, and how the defendant procured to be executed and connived at the execution of the bond. Judge Blatchford denied the motion, saying: "The offense specified in the statute was one created by the statute. It was not an offense at the common law. The general rule is well settled that in an indictment for an offense created by statute, it is sufficient to describe the offense in the words of the statute, and that if the defendant insists upon a greater particularity, it is for him to show that from the obvious intention of the legislature, or the known principles of the law, the case falls within some exception to the general rule, but few exceptions to the rule being recognized." U. S. v. Quinn [Case No. 16,110], was an indictment under the same law under which the present indictment was returned, and the indictment was objected to as insufficient; but Judge Woodruff overruled the objection, holding that, the indictment being in the words of the statute, it was sufficient. U. S. v. Ballard [Id. 14,-506], was an indictment for violation of the internal revenue laws. It was objected that the indictment did not sufficiently describe the offense, but Judge Longyear held, that in as much as it described the offense in the words of the statute, it was sufficient. This general doctrine is also supported by an almost unbroken current of decisions by the highest courts of the states, but it is unnecessary to cite them. Many of them are collected by Mr. Wharton in his American Criminal Law, and by Mr. Bishop in his Criminal Procedure, before referred to. The weight of authority, I think, most clearly establishes the doctrine that in indictments for offenses created by statute, it is, as a general rule, sufficient to charge the offense in the words of the statute, and my apology for the extended examination and citation of authorities is the fact that a large number of persons have been tried upon similar indictments, to all of which the same objections have been urged, and all of which I have overruled. The offense in this case is purely statutory; it has no relation to the common law; it does not come within

any of the exceptions to the general rule, and the indictment charges it in the words of the statute. The demurrer must, therefore, be overruled.